IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES K. R., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:22-cv-722-N-BN |
| KILOLO KIJAKAZI, Acting | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff James K. R. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that he is disabled as a result of bilateral degenerative joint disease of the hips. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 6, 2021. *See* Dkt. No. 11-1 at 48-81 (Administrative Record ("AR") at 43-76). At the time of the hearing, Plaintiff was forty-eight years old. He is a high school graduate and has past work experience as a warehouse worker, a cook helper, a home attendant, and a hand packager. Plaintiff has not engaged in substantial gainful activity since January 15, 2018.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See* Dkt. No. 11-1 at 26-38 (AR at 21-33) (ALJ Decision). Although the medical evidence established that Plaintiff suffered from bilateral degenerative joint disease of the hips, the ALJ concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as an order clerk, a final assembler, or an addresser – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that the Appeals Council failed to consider new and material evidence of his disability that was probative enough to raise a relative probability of changing the outcome of the hearing.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the

-2-

evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

In his single claim of error, Plaintiff asserts that a claimant's submission of new evidence requires remand when the evidence raises a reasonable probability of changing the outcome and that, in this case, where he submitted to the Appeals Council a questionnaire from his nurse practitioner Kelly Peters, who reported that Plaintiff would remain off task and miss work four or more times each month, this submission raises a reasonable probability of changing the outcome when the ALJ found no such limitations and when Peters was the only treating provider to identify

Plaintiff's limitations. As he explains in his reply brief, Plaintiff's only contention is that the Appeals Council should have granted review under 20 C.F.R. § 404.970(a)(5).

More specifically, Plaintiff explains that, after the ALJ found against Plaintiff following a hearing at which he was unrepresented, Plaintiff "obtained counsel, who helped him secure and submit to the Appeals Council an opinion statement from nurse practitioner Kelly Peters," who, "[c]ontrary to the ALJ's findings, …. reported that [Plaintiff] needed to recline four hours of an eight-hour workday" and "predicted [that Plaintiff] would remain off task and require four or more workplace absences each month." Dkt. No. 13 at 6 (citing AR 7, 8, 10). According to Plaintiff, "[t]his new evidence should have prompted the Appeals Council to grant review and remand," but instead it "issued a boilerplate denial, reasoning the evidence 'does not show a reasonable probability that it would change the outcome of the decision.'" *Id.* (quoting AR at 2).

When a claimant submits new and material evidence that relates to the period before the date of the ALJ's decision, the Appeals Council must consider the evidence in deciding whether to grant a request for review. *See* 20 C.F.R. § 404.970(b). "The Appeals Council will review a case at a party's request or on its own motion if – … (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). Only evidence which relates to the period for which benefits were denied can be material. *See*

*Thomas v. Colvin*, 587 F. App'x 162, 165 (5th Cir. 2014) (per curiam). Evidence of a later-acquired disability or of the subsequent deterioration of a previously nondisabling condition is not material. *See id.*

New evidence submitted to the Appeals Council is considered part of the record on which the Commissioner's final decision is based. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005). The Court must examine all the evidence, including the new evidence, to determine whether the Commissioner's final decision to deny a claim is supported by substantial evidence. *See Sun v. Colvin*, 793 F.3d 502, 510 (5th Cir. 2015).

The Court should remand the case only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes unsupported. *See Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006). Based on its internal procedures, the Appeals Council need not provide a detailed discussion about all new evidence submitted to it. *See Higginbotham*, 405 F.3d at 335 n.1. But, "[a]though '[t]he regulations do not require the [Appeals Council] to provide a discussion of the newly submitted evidence or give reasons for denying review,' in some instances remand [is] necessary if it is unclear whether the [Appeals Council] evaluated the new evidence" at all. *Nejmeh v. Colvin*, No. 4:14-cv-816-Y, 2016 WL 642518, at *2 (N.D. Tex. Feb. 18, 2016) (citing *Sun*, 793 F.3d at 512).

The Commissioner's response – and, more importantly, the Appeals Council's denial of review – focuses on the requirement of showing a reasonable probability

that the new evidence would have changed the outcome of the ALJ's disability determination.

> As to that standard, Plaintiff argues that Peters's
>
> opinion does anything but confirm evidence already in the record. Quite the contrary – the ALJ's sedentary RFC implicitly finds no need for additional rest breaks or worker absenteeism. (See AR at 28.) Nurse Peters, however, reported that [Plaintiff] would remain off task over fifteen minutes per hour and would have four or more workplace absences each month. (AR at 10.) And the ALJ's RFC provides no allowance for alternating positions (See AR at 28) whereas Peters advised that [Plaintiff] alternated sitting and standing on an "as needed/at will" basis. (AR at 8.) It's entirely probable, therefore, that the ALJ would have assigned greater limitations based on the medical source's opinion.
>
>   The opinion evidence is particularly important given the precedent from this Court, which has consistently held that an ALJ cannot independently decide a claimant's work-related limitations. *See Raper v. Colvin*, 262 F. Supp. 3d 415, 422-23 (N.D. Tex. 2017) (Stickney, M.J.) (collecting cases). Recall that the only evidence of [Plaintiff's] work-related limitations was offered by the SAMCs, who believed [Plaintiff] could lift and carry up to twenty pounds and stand or walk for six hours of an eight-hour workday. (AR at 80-81, 88-89, 102-03, 115-16.) The ALJ found the SAMC opinions only "somewhat persuasive" because "additional evidence received at the hearing level shows the claimant's bilateral hip arthritis has progressively worsened" such that [Plaintiff] was more restricted. (Tr. at 31.) But as this Court has observed, the ALJ cannot independently determine the claimant's work-related limitations, "even if the ALJ believes he is simply giving Plaintiff the benefit of the doubt as to what limitations apply." *Thornhill v. Colvin*, No. 3:14-cv-335-M-BN, 2014 U.S. Dist. LEXIS 180595, at *26 (N.D. Tex. Dec. 15, 2014) (Horan, M.J.) That's precisely the situation here, and Peters is the only treating provider to identify [Plaintiff's] limitations. Her opinion is therefore anything but cumulative.

Dkt. No. 13 at 10-11 (cleaned up).

> And, in reply, Plaintiff notes that the
>
> Commissioner argues that nurse Peters's opinion is contrary to the opinions of the State agency medical consultants, whom the ALJ found supported and consistent with the record. (Dkt. 14 at 7.) But as

-8-

> Commissioner admits, the ALJ considered [Plaintiff] more limited than the consultants first thought. (*Id.*) Those additional limitations required a medical basis, and even if the ALJ acted with good intentions, he "cannot independently decide the effects of Plaintiff's impairments on her ability to perform work-related activities ... even if the ALJ believes he is simply giving Plaintiff the benefit of the doubt as to what limitations might apply. " *Gainus v. Colvin*, 3:14-cv-4381-BN, 2015 U.S. Dist. LEXIS 173381 at *15 (N.D. Tex. Dec. 31, 2015) (Horan, M.J.) (emphasis added) (internal citations omitted); *Thornhill v. Colvin*, No. 3:14-cv-335-M-BN, 2014 U.S. Dist. LEXIS 180595 at *26 (N.D. Tex. Dec. 15, 2014) (Horan, M.J.).
>
> Once again, nurse Peters is the only medical source who both treated [Plaintiff] and identified his work-related limitations. Her opinion therefore raises a reasonable probability of changing the outcome, and Commissioner's contention otherwise lacks merit.

Dkt. No. 15 at 6 (cleaned up).

But Plaintiff filed his claim on August 20, 2019. As the Fifth Circuit has explained, for "claims filed after March 27, 2017," "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past," and "an ALJ instead considers a list of factors in determining what weight, if any, to give a medical opinion." *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021) (cleaned up).

For claims filed after March 27, 2017, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ... including those from your medical sources." 20 C.F.R. § 404.1520c. Instead, an ALJ considers a list of factors in determining what weight, if any, to give a medical opinion. *See id.* "The most important factors in determining the persuasiveness of a medical source are whether the source's medical opinion is based on 'objective medical evidence and supporting explanations' and the 'consistency' of the source's opinion

with the evidence from other medical and nonmedical sources in the claim." *Webster*, 19 F.4th at 719 (quoting 20 C.F.R. § 404.1520c).

"The determination of residual functional capacity is the sole responsibility of the ALJ" and she may "properly interpret medical evidence to determine [the claimant's] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). The ALJ's RFC assessment is not a medical opinion. *See Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003). Unlike medical providers and medical consultants, the ALJ considers additional evidence including the claimant's statements and testimony concerning his symptoms, his activities of daily living, the frequency and intensity of pain, the effects of medication, as well as all other medical evidence and opinion statements in the record. *See* 20 C.F.R. § 404.1529.

And, under the regulations applicable here, "'[t]here is no requirement that an ALJ's RFC finding must mirror or match a medical opinion.'" *Robert D.D. v. Kijakazi*, No. 3:21-cv-3164-C-BN, 2022 WL 16935248, at *4 (N.D. Tex. Oct. 31, 2022) (quoting *Carson v. Comm'r of Social Security*, Civil Action 6:21cv12, 2022 WL 2525438, at *7 (E.D. Tex. May 25, 2022)), *rep. & rec. adopted*, 2022 WL 16927799 (N.D. Tex. Nov. 14, 2022); *see also Collins v. Comm'r, SSA*, 4:20-CV-00769-SDJ-CAN, 2022 WL 4494122, at *5 (E.D. Tex. Aug. 30, 2022) (holding RFC finding was supported by substantial evidence where the ALJ fully reviewed the record, recognized claimant had more limitations than assessed by non-examining consultants, and accommodated these additional limitations in the RFC finding); *Myers v. Saul*, SA-

20-CV-00445-XR, 2021 WL 4925993, at *8 (W.D. Tex. Sept. 3, 2021) ("[T]the ALJ is not required to have a medical opinion that matches his RFC determination.").

The ALJ was permitted to rely on the ALJ's own interpretation of the medical record and evidence to determine Plaintiff's RFC limitations. And Plaintiff's pointing to decisions governed by the regulations applicable to claims filed before March 27, 2017 does not change that, as explained above, and pointing to that inapplicable law does not advance Plaintiff's cause of showing that there is a reasonable probability that Peters's opinion would change the outcome of the decision.

But substantial evidence still must support the ALJ's RFC findings. Under the new regulations, the ALJ did not require a medical source opinion that mirrored the RFC findings. And the ALJ might not follow Peters's opinion if presented with it.

But it does not follow from the new regulations and that possibility that there is not a reasonable probability that Peters's opinion – which relates to the period for which benefits were denied – would change the outcome of the ALJ's decision. This is particularly so where, as Plaintiff points out, Peters is the only medical source who both treated Plaintiff and identified his work-related limitations.

The Commissioner's efforts to denigrate that opinion based on its check-the-box appearance or as unsupported by and inconsistent with the medical evidence in the record that the ALJ evaluated are unpersuasive for the reasons that Plaintiff lays out in reply. *See* Dkt. No. 15 at 3-5. And Peters's answers in her opinion "are especially significant because they represent the opinion of a treating [medical source] that details Plaintiff's work-related abilities" and "directly conflict with the

ALJ's RFC assessment." *Micho H. v. Kijakazi*, No. 3:21-cv-706-K-BT, 2022 WL 1750050, at *4 (N.D. Tex. May 12, 2022), *rep & rec. adopted*, 2022 WL 1747944 (N.D. Tex. May 31, 2022). "Given the significance of these opinions on matters directly related to the ALJ's denial of benefits, the evidence provides a reasonable [probability] that it would have changed the Commissioner's decision.." *Id.* (cleaned up).

The Court may not evaluate Peters's assessments, or determine the weight her opinion should be afforded, in the first instance – those matters lie exclusively with the Commissioner. But, after considering the entire record, the undersigned is not able to conclude that substantial evidence supports the final decision of the Commissioner. Although it may ultimately be determined after remand that the decision was correct, Peters's opinion is significant and casts doubt on the denial of Plaintiff's benefits, and so this case should be remanded for further administrative review. *Accord id.*

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: November 23, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE